**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**UNITED STATES OF AMERICA**                                                    **PLAINTIFF**

**V.**                                                                    **NO. 3:23-CV-4-DMB-RP**

**CLEOPHIS MOORE**                                                          **DEFENDANT**

**ORDER**

On January 4, 2023, the United States of America filed a complaint against Cleophis Moore

in the United States District Court for the Northern District of Mississippi seeking "to recover

treble damages and civil penalties under the False Claims Act ('FCA'), … and … money for

common law or equitable causes of action for payment by mistake and unjust enrichment based

upon Moore's receipt of Paycheck Protection Program ('PPP') funds to which she was not

entitled." Doc. #1 at PageID 1. The complaint alleges that Moore, through false representations,

received PPP loan proceeds totaling $41,666.00 (for which the Small Business Administration

paid a total of $5,000 in processing fees to the financial institution involved), and that Moore, also

through false representations, obtained forgiveness of those loans by the SBA. *Id*. at PageID 6.

On February 28, 2023, the parties filed a "Joint Motion for Entry of Consent Judgment"

representing that they "have agreed to resolve [this] litigation" and "to the entry of a consent

judgment on the terms provided in the proposed [consent judgment] forwarded to the Court's

chambers." Doc. #4. Both the joint motion and the proposed consent judgment are signed by an

Assistant United States Attorney and by Moore who appears pro se. *Id*.

> Generally, before entering a consent judgment, also called a consent decree, courts
> must decide whether it represents a reasonable factual and legal determination
> based on the facts of record, whether established by evidence, affidavit, or
> stipulation. Courts must also ascertain that the settlement is fair and that it does not
> violate the Constitution, statutes, or jurisprudence. In assessing the propriety of

giving judicial imprimatur to the consent decree, the court must also consider the nature of the litigation and the purposes to be served by the decree.

*Jones v. Gusman*, 296 F.R.D. 416, 428–29 (E.D. La. 2013) (cleaned up).

The Court has reviewed the proposed consent judgment—which requires Moore to pay $46,794.42 plus interest and a separate $402.00 filing fee—and finds that it represents a fair and reasonable factual and legal determination based on the facts of record. The Court also concludes that the proposed consent judgment does not violate the Constitution, statutes, or jurisprudence. Finally, the proposed consent judgment is consistent with the nature of this litigation. Accordingly, the "Joint Motion for Entry of Consent Judgment" [4] is **GRANTED**. The parties' proposed consent judgment will be signed and entered by the Court.

**SO ORDERED**, this 1st day of March, 2023.

/s/Debra M. Brown\
**UNITED STATES DISTRICT JUDGE**